UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE VARSITY BRANDS, INC. DATA BREACH LITIGATION | § § § § § § § § § | CIVIL ACTION NO. 3:24-CV-2633-B |

## PRELIMINARY APPROVAL ORDER

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and revised Settlement Agreement (Doc. 31-1) between Plaintiffs and Defendant Varsity Brands, Inc. After reviewing Plaintiffs' Motion and revised Settlement Agreement, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed Notice Plan and forms of Notice to the Settlement Class, the appointment of Plaintiffs Dean Huntley, Tony Le, and Wanetta London as the Settlement Class Representatives, the appointment of William B. Federman and A. Brooke Murphy as Class Counsel for Plaintiffs and the Settlement Class, the approval of Atticus Administration, LLC as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All residents of the United States whose Private Information was potentially exposed in the Data Incident.

Excluded from the Settlement Class are the Court, the officers and directors of Defendant, all members of the Settlement Class who timely and validly request exclusion from the Settlement Class, and the Judge assigned to evaluate the fairness of this settlement.

3. Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it satisfies numerosity; there are common questions of law and fact, including issues related to data security and the nature and scope of the information potentially implicated in the Data Incident, also satisfying commonality; the proposed Settlement Class Representatives' claims are typical; the proposed Settlement Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation.

4. The Court appoints Plaintiffs Dean Huntley, Tony Le, and Wanetta London as the Settlement Class Representatives.

5. The Court appoints William B. Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm as Class Counsel for the Settlement Class.

6. The Court appoints Atticus Administration, LLC as the Settlement Administrator.

7. A Final Approval Hearing shall be held on **May 13, 2026, at 10:00 AM**, before the Honorable Jane J. Boyle, Courtroom 1516, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, or by remote means, for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

   b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c. To determine whether the Notice Plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e. To determine whether the requested Plaintiffs' Service Awards of $2,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund plus reimbursement of out-of-pocket litigation expenses of up to $35,000.00 should be approved by the Court;

   f. To determine whether the settlement benefits are fair, reasonable, and adequate; and

   g. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notices. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the revised Settlement Agreement and its exhibits (Doc. 31-1), and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or

entities entitled to notice.

9. The Court preliminarily approves the following timeline for the purposes of conducting the Notice Plan, Settlement Administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| Defendant provides Class Member Information to the Settlement Administrator | December 23, 2025 |
| Notice Commencement Date | January 15, 2026 |
| Plaintiffs' Counsel's Motion for Fees and Expenses and Service Awards | March 2, 2026 |
| Objection Deadline | March 16, 2026 |
| Opt-Out Deadline | March 16, 2026 |
| Claims Deadline | April 15, 2026 |
| | |
| **Final Approval Hearing** | May 13, 2026, at 10:00 AM |
| Motion for Final Approval | April 29, 2026 |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +30 days, assuming no appeal has been taken |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Commencement Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Short Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Commencement Date. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Commencement Date and include each and all of the following: (i) the objector's full name, address, telephone number, and e-mail address; (ii) the case name and docket number—*In re Varsity Brands, Inc. Data Breach Litigation*, No. 3:24-cv-2633-B (N.D. Tex.); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection; and, (vii) a list of the all cases (including the case name, court, and docket number) in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. Any Settlement Class Member who fails to comply with these requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to

object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant in this Litigation.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant or the other Released Parties.

15. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or

documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

16. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED.**

**SIGNED: December 16, 2025.**

____________________________________

**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**