UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE VARSITY BRANDS, INC. DATA BREACH LITIGATION | § § § § § § § § § | CIVIL ACTION NO. 3:24-CV-2633-B |

## FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiffs Dean Huntley, Tony Le, and Wanetta London (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated ("Settlement Class Members"), having moved this Court for an Order granting Final Approval Of Class Action Settlement, and Defendant Varsity Brands, Inc. ("Defendant" or "Varsity Brands"), having appeared at the Final Approval Hearing before this Court on May 13, 2026;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Litigation") on December 16, 2025 ("Preliminary Approval Order");

**WHEREAS,** notice to the settlement class members ("Settlement Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Settlement Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** no Settlement Class Members submitted an objection to the terms of the Settlement and only one Settlement Class Member has opted-out;

**NOW,** upon the reading of the Settlement Agreement and annexed exhibits and memorandum of law in support of Plaintiffs' Motion for Final Approval Of Class Action Settlement,

and after hearing counsel for all of the parties at the Final Approval Hearing and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby finds and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members with respect to the following Class certified under Fed. R. Civ. P. 23:

> All residents of the United States whose Private Information was potentially exposed in the Data Incident.

Excluded from the Settlement Class are the Court, the officers and directors of Defendant, the sole member of the Settlement Class who timely and validly requested exclusion from the Settlement Class, and the Judge assigned to evaluate the fairness of this settlement.

3. The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as a fair, reasonable and adequate settlement and compromise of the claims asserted in the Litigation.

4. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued

litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

5. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that, because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

6. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

7. The Settlement Class Members have been given proper and adequate notice of the Settlement, Final Approval Hearing, and Class Counsel's application for attorneys' fees, expenses, and service awards to the Plaintiffs.

8. A declaration detailing the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice Plan, as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in accordance with the requirements of Fed. R. Civ. P. 23.

9. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions.

10. The Court grants final approval to Dean Huntley, Tony Le, and Wanetta London as Class Representatives and finds them to be adequate.

11. The Court grants final approval to William B. Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm as Class Counsel and finds each of them to be adequate, experienced, and well-versed in class action litigation, including data breach litigation.

12. After due consideration of the arguments set out in Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Service Awards and in accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of $366,666.67 and reimbursement of litigation expenses in the amount of $17,352.42. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

13. After due consideration of the arguments set out in Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Service Awards and in accordance with the Settlement Agreement, each Plaintiff is hereby awarded a Service Award of $2,500.00. The Court finds this amount is justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund as directed by Class Counsel in accordance with the Settlement Agreement.

14. Upon the Effective Date, the Litigation shall be, and hereby is dismissed with prejudice in its entirety as to Defendant, with each party to bear their own costs and attorneys' fees,

except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

15. Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims against the Released Entities as set forth in the Settlement Agreement, which includes as follows:

> [A]ny and all claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality; violations of state consumer protection statutes; and violations of state privacy-protection; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; including, but not limited to, any Unknown Claims; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of other personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

16. As of the final date of the Opt-Out Deadline, only one potential Settlement Class Member had submitted a valid request to be excluded from the Settlement. This individual is not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

17. The Court has considered all of the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

18. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Litigation or any other proceeding.

19. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20. The Court hereby finds that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

Without affecting the finality of this Judgment in any way, this Litigation shall remain open, and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

**SO ORDERED.**

**SIGNED: May 14, 2026.**

___________________________________
**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**